
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRU K. "KEN" HSU, INDIVIDUALLY, AND AS TRUSTEE OF THE DARRU K. HSU AND GINA T. HSU LIVING TRUST U/A05/05/03, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>      Plaintiff - Appellant,<br><br>   v.<br><br>UBS FINANCIAL SERVICES INC.,<br><br>      Defendant - Appellee. | No. 11-17131<br><br>D.C. No. 3:11-cv-02076-WHA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted December 7, 2012[**]
San Francisco, California

Before: O'SCANNLAIN and CALLAHAN, Circuit Judges, and EZRA, Senior

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

District Judge.[***]

Darru K. "Ken" Hsu ("Hsu") appeals from the district court's dismissal of his action under the Investment Advisers Act of 1940 ("IAA"), 15 U.S.C. § 80b-1 et seq., against UBS Financial Services Inc. ("UBS"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the dismissal of the First Amended Complaint ("FAC").

Hsu argues that UBS deceived clients — thereby violating its fiduciary duty as an investment advisor under § 206 — by leading them to believe that they waived certain "unwaivable fiduciary duties" through a series of "hedge clauses." He fails to state a claim because he never identifies or explains what those "unwaivable fiduciary duties" are and therefore has not provided UBS with fair notice of the wrongs it has allegedly committed. *Cf. Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997) (to satisfy Rule 9, "a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false."). Assuming that Hsu could pursue an action for rescission based on an alleged violation of § 215, Hsu's claim fails because the clauses he points to do not waive compliance with any provision of the IAA.

---

[***] The Honorable David A. Ezra, Senior U.S. District Judge for the District of Hawaii, sitting by designation.

Hsu also argues for the first time on appeal that the wrap fee contract fraudulently provides that clients may select an investment manager of their choice when, in practice, UBS allegedly *requires* clients to use a manager from a UBS-approved list. However, "we will not consider arguments that are raised for the first time on appeal." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Thus, this Court affirms the dismissal of the FAC for failure to state a claim. The Court therefore need not address which statute of limitations properly applies to the IAA.

**AFFIRMED.**